**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **PREPARED FOOD PHOTOS, INC. FKA ADLIFE MARKETING & COMMUNICATIONS CO., INC.,**<br><br>        **Plaintiff,**<br><br>**v.**<br><br>**GRUBHUB HOLDINGS INC. and GRUBHUB INC.,**<br><br>        **Defendants.** | **Civil Action No. 1:22-cv-3197**<br><br>**DEMAND FOR JURY TRIAL** |

**DEFENDANTS GRUBHUB HOLDINGS INC. AND GRUBHUB INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendants Grubhub Holdings Inc. and Grubhub Inc. (collectively, "Grubhub") answer Plaintiff PREPARED FOOD PHOTOS, INC. FKA ADLIFE MARKETING & COMMUNICATIONS CO., INC's ("Plaintiff") Complaint for Copyright Infringement ("Complaint") as follows:

**SUMMARY OF THE ACTION**

1.      Plaintiff PREPARED FOOD PHOTOS, INC. FKA ADLIFE MARKETING & COMMUNICATIONS CO., INC. ("PFP") brings this action against Defendants GRUBHUB HOLDINGS INC. and GRUBHUB INC. (collectively, "Grubhub") for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute PFP's original copyrighted Works of authorship.

PFP alleges that Grubhub copied PFP's copyrighted Works from the internet in order to advertise, market and promote their business activities. Grubhub committed the violations alleged

in connection with Grubhub's business for purposes of advertising and promoting sales to the public in the course and scope of Grubhub's business.

**ANSWER:** Grubhub admits the Complaint purports to be an action for copyright infringement arising under the Copyright Act, 17 U.S.C. § 106. Grubhub denies the remaining allegations of paragraph 1.

2.

**ANSWER:** Grubhub notes that the Complaint does not include a paragraph 2.

## JURISDICTION AND VENUE

3. This action arises under the Federal Copyright Act of 1976, as amended, 17 U.S.C. § 101, et seq. This Court is vested with subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (copyright jurisdiction). This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

**ANSWER:** Grubhub admits the Complaint purports to be an action for copyright infringement arising under the Federal Copyright Act of 1976, as amended, 17 U.S.C. § 101, *et seq.* Grubhub further admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

4. Grubhub is subject to personal jurisdiction in Illinois.

**ANSWER:** For purposes of this action, Grubhub admits that this Court has personal jurisdiction over Grubhub.

5. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Grubhub engaged in infringement in this district, Grubhub resides in this district, and Grubhub is subject to personal jurisdiction in this district.

**ANSWER:** Grubhub admits that venue is proper in this judicial district. Grubhub further admits it maintains an established place of business in the state of Illinois and this district. Grubhub denies the remaining allegations of paragraph 5.

## THE PARTIES

6. PFP is a retail food advertising company servicing retailers and wholesalers throughout the United States for almost 40 years. PFP specializes in custom photography, full service design and production, web and print management, mobile technology, and proprietary digital advertising platforms.

**ANSWER:** Grubhub is without knowledge or information sufficient to form a belief as to the truth of the allegations about Plaintiff in paragraph 6.

7. Grubhub own and operate a leading online and mobile food-ordering and delivery marketplace with a comprehensive network of restaurant and retail partners, as well as nearly 24 million active diners. At all times relevant herein, Grubhub owned and operated the internet websites located at the URLs www.Grubhub.com and www.seamless.com (the "Websites").

**ANSWER:** Grubhub admits it owns and operates the websites located at the URLs www.Grubhub.com and www.seamless.com (the "Websites"). Grubhub further admits it owns and operates an online food delivery marketplace, which through its website and application connects customers to restaurants and through third-party delivery partners facilitates food delivery orders. Grubhub also admits it has millions of active users. Grubhub denies the remaining allegations of paragraph 7.

8. Grubhub Holdings Inc. is a Delaware Corporation, with its principal place of business at 111 West Washington Street, Suite 1200, Chicago, IL 60602, and can be served by serving its Registered Agent, Illinois Corporation Service Company, 801 Adlai Stevenson Drive, Springfield, IL 62703.

**ANSWER:** Grubhub admits that Grubhub Holdings Inc. is a Delaware corporation with a place of business at 111 West Washington Street, Suite 1200, Chicago, IL 60602. Grubhub also admits that Grubhub Holdings Inc. can be served through its registered agent, Illinois Corporation Service Company, 801 Adlai Stevenson Drive, Springfield, IL 62703.

9.      Grubhub Inc. is a Delaware Corporation, with its principal place of business at 111 West Washington Street, Suite 1200, Chicago, IL 60602, and can be served by serving its Registered Agent, Corporation Service Company, Illinois Corporation Service Company, 801 Adlai Stevenson Drive, Springfield, IL 62703.

**ANSWER:** Grubhub admits that Grubhub Inc. is a Delaware corporation with a place of business at 111 W Washington St, Suite 1200, Chicago, IL 60602. Grubhub also admits that Grubhub Inc. can be served through its registered agent, Illinois Corporation Service Company, 801 Adlai Stevenson Drive, Springfield, IL 62703.

## THE [ALLEGEDLY] COPYRIGHTED WORKS AT ISSUE

The below table details the Copyright Titles, Registration Numbers and Registration Issue Dates of the works of intellectual property at issue in this case, one of which is shown below, and which are referred to herein as the "Works." Copies of the Works are attached hereto as Exhibit 1. Copies of the Registration Certificates are attached hereto as Exhibit 2.

| Copyright Title | Registration Number | Registration Issue Date |
|---|---|---|
| Bagel003 | VA 2-014-708 | September 23, 2016 |
| BeefEyeRoundSteakGrlMrk003_ADL | VA 2-025-765 | January 5, 2017 |
| BeefKabobGrlMrk002 | VA 2-012-581 | August 5, 2016 |
| BeefMeatloaf018 | VA 2-012-581 | August 5, 2016 |

| | | |
|---|---|---|
| BeefPrimeRibRoast012_ADL | VA 2-047-019 | January 13, 2017 |
| BuffaloWingsHR0602 | VA 2-022-602 | November 18, 2016 |
| CalzoneItalianColdCut007_ADL | VA 2-047-009 | March 3, 2017 |
| ChickenFried013 | VA 2-017-741 | September 20, 2016 |
| ChickenParmesan010_ADL | VA 2-046-591 | January 23, 2017 |
| ChickenParmesan020 | VA 2-017-741 | September 20, 2016 |
| ChickenParmesan022_ADL | VA 2-026-514 | January 11, 2017 |
| ChickenSandwichBreast005_ADL | VA 2-046-821 | January 29, 2017 |
| ChickenSandwichBuffalo001_ADL | VA 2-046-821 | January 29, 2017 |
| ChickenTender004 | VA 2-017-741 | September 20, 2016 |
| ChickenTenderBuffalo006_ADL | VA 2-046-824 | January 26, 2017 |
| ChickenThighsFSHC1212 | VA 2-055-100 | June 8, 2017 |
| ChickenWingBuffalo006 | VA 2-019-412 | September 29, 2016 |
| ChickenWingBuffalo027 | VA 2-019-412 | September 29, 2016 |
| ChickenWingBuffalo028 | VA 2-019-412 | September 29, 2016 |
| ChickenWingHot004_ADL | VA 2-046-824 | January 26, 2017 |
| ChickenWingHot007 | VA 2-019-412 | September 29, 2016 |
| ChickenWrapsFSHC1406 | VA 2-055-100 | June 8, 2017 |
| Chili007_ADL | VA 2-046-803 | February 15, 2017 |

| | | |
|---|---|---|
| ChocolateIceCreamHR0609 | VA 2-024-712 | December 18, 2016 |
| ColdCutAsst019_ADL | VA 2-046-821 | January 29, 2017 |
| HotWingsRanch001_ADL | VA 2-024-450 | December 9, 2016 |
| IceCreamWaffleCone002_ADL | VA 2-027-767 | January 26, 2017 |
| LiverwurstSandwich | VA 2-009-665 | July 12, 2016 |
| LobsterSalad001_ADL | VA 2-055-111 | May 5, 2017 |
| LobsterSalad002 | VA 2-020-970 | October 31, 2016 |
| OnionRing001 | VA 2-012-581 | August 5, 2016 |
| Pickle005_ADL | VA 2-046-594 | February 8, 2017 |
| PizzaCheese015_ADL | VA 2-047-009 | March 3, 2017 |
| PizzaDeluxe004_ADL | VA 2-047-009 | March 3, 2017 |
| PretzelSoft001 | VA 2-014-921 | August 26, 2016 |
| SaladCaesar005_ADL | VA 2-046-822 | February 8, 2017 |
| SaladChef002 | VA 2-014-921 | August 26, 2016 |
| SandwichTurkeySub001_ADL | VA 2-033-004 | March 15, 2017 |
| SubAmericanColdCut011_ADL | VA 2-027-767 | January 26, 2017 |
| SubItalianColdCut009_ADL | VA 2-046-594 | February 8, 2017 |
| SubTurkey006_ADL | VA 2-027-767 | January 26, 2017 |
| TacoSalad004_ADL | VA 2-029-324 | February 3, 2017 |
| Taquito004 | VA 2-019-921 | October 14, 2016 |
| VealParmesan002_ADL | VA 2-084-082 | January 28, 2017 |
| VegetableKabob001 | VA 2-019-412 | September 29, 2016 |
| WrapChickenCaesar002 | VA 2-015-841 | September 1, 2016 |
| WrapChickenSalad001 | VA 2-017-741 | September 20, 2016 |
| WrapTurkey004 | VA 2-017-741 | September 20, 2016 |



The Works in perspective, orientation, positioning, lighting and other details are entirely original, distinctive, and unique. As such, the Works each qualify as subject matter protectable under the Copyright Act.

**ANSWER:** Grubhub admits that what Plaintiff alleges to be copies of the "Works" are attached as Exhibit 1 to the Complaint and copies of what Plaintiff alleges to be the "Registration Certificates" are attached as Exhibit 2 to the Complaint. Grubhub denies the Works in perspective, orientation, positioning, lighting and other details are entirely original, distinctive, and unique and that the Works each qualify as subject matter protectable under the Copyright Act. Grubhub is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the unnumbered paragraph. Grubhub further notes that Plaintiff's allegations call for a legal conclusion and therefore do not require a response.

10.

**ANSWER:** Grubhub notes that the Complaint does not include a paragraph 10.

11.

7

**ANSWER:**    Grubhub notes that the Complaint does not include a paragraph 11.

12.    PFP's Works are protected by copyright but are not otherwise confidential, proprietary, or trade secrets.

**ANSWER:**    Grubhub notes that Plaintiff's allegations call for a legal conclusion and therefore do not require a response.  To the extent a response is required, Grubhub is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12.

13.    At all relevant times PFP was the owner of the copyrighted Works at issue in this case.

**ANSWER:**    Grubhub notes that Plaintiff's allegations call for a legal conclusion and therefore do not require a response.  To the extent a response is required, Grubhub is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13.

## [ALLEGED] INFRINGEMENT BY DEFENDANTS

14.    Grubhub have never been licensed to use the Works at issue in this action for any purpose.

**ANSWER:**    Grubhub notes that Plaintiff's allegations call for a legal conclusion and therefore do not require a response.  To the extent a response is required, Grubhub is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14.

15.    On a date after the Works at issue in this action were created, but prior to the filing of this action, Grubhub copied the Works.

**ANSWER:** Grubhub notes that Plaintiff's allegations call for a legal conclusion and therefore do not require a response. To the extent a response is required, Grubhub denies the allegations of paragraph 15.

16.     PFP discovered the unauthorized use of its Works on the Websites on the following dates:

| Copyright Title | Infringement Discovered |
| --- | --- |
| Bagel003 | August 13, 2021 |
| BeefEyeRoundSteakGrlMrk003_ADL | December 10, 2021 |
| BeefKabobGrlMrk002 | August 11, 2021 |
| BeefMeatloaf018 | August 11, 2021 |
| BeefPrimeRibRoast012_ADL | July 19, 2021 |
| BuffaloWingsHR0602 | August 12, 2019 |
| CalzoneItalianColdCut007_ADL | July 28, 2021 |
| ChickenFried013 | August 25, 2021 |
| ChickenParmesan010_ADL | December 20, 2021 |
| ChickenParmesan020 | August 24, 2021 |
| ChickenParmesan022_ADL | October 4, 2021 |
| ChickenSandwichBreast005_ADL | February 11, 2020 |
| ChickenSandwichBuffalo001_ADL | July 16, 2020 |
| ChickenTender004 | August 23, 2021 |
| ChickenTenderBuffalo006_ADL | September 14, 2021 |
| ChickenThighsFSHC1212 | April 16, 2021 |

| | |
|---|---|
| ChickenWingBuffalo006 | July 2, 2021 |
| ChickenWingBuffalo027 | July 2, 2021 |
| ChickenWingBuffalo028 | July 2, 2021 |
| ChickenWingHot004_ADL | July 20, 2021 |
| ChickenWingHot007 | July 1, 2021 |
| ChickenWrapsFSHC1406 | September 11, 2020 |
| Chili007_ADL | October 25, 2021 |
| ChocolateIceCreamHR0609 | October 26, 2020 |
| ColdCutAsst019_ADL | September 15, 2021 |
| HotWingsRanch001_ADL | November 27, 2019 |
| IceCreamWaffleCone002_ADL | February 4, 2022 |
| LiverwurstSandwich | June 18, 2019 |
| LobsterSalad001_ADL | July 30, 2021 |
| LobsterSalad002 | August 5, 2021 |
| OnionRing001 | August 10, 2021 |
| Pickle005_ADL | July 27, 2021 |
| PizzaCheese015_ADL | February 9, 2022 |
| PizzaDeluxe004_ADL | February 9, 2022 |
| PretzelSoft001 | August 16, 2021 |

| | |
|---|---|
| SaladCaesar005_ADL | February 4, 2021 |
| SaladChef002 | February 14, 2022 |
| SandwichTurkeySub001_ADL | November 10, 2020 |
| SubAmericanColdCut011_ADL | July 26, 2021 |
| SubItalianColdCut009_ADL | November 3, 2021 |
| SubTurkey006_ADL | February 4, 2022 |
| TacoSalad004_ADL | December 14, 2020 |
| Taquito004 | July 7, 2021 |
| VealParmesan002_ADL | July 22, 2021 |
| VegetableKabob001 | February 28, 2022 |
| WrapChickenCaesar002 | November 19, 2021 |
| WrapChickenSalad001 | August 20, 2021 |
| WrapTurkey004 | June 20, 2019 |

**ANSWER:** Grubhub is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16.

17.     Grubhub copied PFP's copyrighted Works without permission or authorization of PFP or the law.

**ANSWER:** Grubhub notes that Plaintiff's allegations call for a legal conclusion and therefore do not require a response.  To the extent a response is required, Grubhub denies the allegations of paragraph 17.

11

18.     After Grubhub copied the Works, they made further copies and distributed the Works on the internet to promote the sale of goods and services as part of its online and mobile food-ordering and delivery business.

**ANSWER:**   Grubhub notes that Plaintiff's allegations call for a legal conclusion and therefore do not require a response.  To the extent a response is required, Grubhub denies the allegations of paragraph 18.

19.     Grubhub copied and distributed PFP's copyrighted Works in connection with Grubhub's business for purposes of advertising and promoting Grubhub's business, and in the course and scope of advertising and selling products and services.

**ANSWER:**   Grubhub notes that Plaintiff's allegations call for a legal conclusion and therefore do not require a response.  To the extent a response is required, Grubhub denies the allegations of paragraph 19.

20.     Grubhub committed copyright infringement of the Works when it displayed the Works on at least the URLs listed on Exhibit 3 attached hereto.

**ANSWER:**   Grubhub notes that Plaintiff's allegations call for a legal conclusion and therefore do not require a response.  To the extent a response is required, Grubhub denies the allegations of paragraph 20.

21.     PFP never gave Grubhub permission or authority to copy, distribute or display the Works at issue in this case.

**ANSWER:**   Grubhub notes that Plaintiff's allegations call for a legal conclusion and therefore do not require a response.  To the extent a response is required, Grubhub denies the allegations of paragraph 21.

22.     Grubhub copied PFP's copyrighted Works without permission or authorization of PFP or the law.

**ANSWER:**    Grubhub notes that Plaintiff's allegations call for a legal conclusion and therefore do not require a response.  To the extent a response is required, Grubhub denies the allegations of paragraph 22.

23.     PFP notified Grubhub of the allegations set forth herein on August 26, 2021 and in subsequent communications with Grubhub. To date, the parties have failed to resolve this matter.

**ANSWER:**    Grubhub admits that Plaintiff sent Grubhub a letter on August 26, 2021. Grubhub denies that the August 26, 2021 letter included the same allegations set forth in this Complaint.  Grubhub admits the parties have failed to resolve this matter.

**[COUNT I]**
**[ALLEGED] DIRECT COPYRIGHT INFRINGEMENT**
17 U.S.C. §§ 501 *et seq.*

24.     PFP incorporates the allegations of paragraphs 1 through 23 of this Complaint as if fully set forth herein.

**ANSWER:**    Grubhub incorporates by reference its responses to paragraphs 1–23 of this Answer as if fully set forth herein.

25.     PFP owns valid copyrights in the Works at issue in this case.

**ANSWER:**    Grubhub notes that Plaintiff's allegations call for a legal conclusion and therefore do not require a response.  To the extent a response is required, Grubhub is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25.

26.     PFP registered the Works at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

**ANSWER:** Grubhub notes that Plaintiff's allegations call for a legal conclusion and therefore do not require a response. To the extent a response is required, Grubhub is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26.

27. Grubhub accessed, reproduced, displayed, and distributed the Works at issue in this case and made derivatives of the Works without PFP's authorization in violation of 17 U.S.C. § 501.

**ANSWER:** Grubhub notes that Plaintiff's allegations call for a legal conclusion and therefore do not require a response. To the extent a response is required, Grubhub denies the allegations in paragraph 27.

28. Grubhub performed the acts alleged in the course and scope of its business activities.

**ANSWER:** Grubhub notes that Plaintiff's allegations call for a legal conclusion and therefore do not require a response. To the extent a response is required, Grubhub denies the allegations in paragraph 28.

29. By reproducing the Works on its servers, Grubhub infringed PFP's exclusive rights granted in 17 U.S.C. § 106, specifically its exclusive rights to: (1) reproduce the copyrighted works in copies; and (2) distribute copies of the copyrighted works to the public by sale or other transfer of ownership, or by rental, lease, or lending.

**ANSWER:** Grubhub notes that Plaintiff's allegations call for a legal conclusion and therefore do not require a response. To the extent a response is required, Grubhub denies the allegations in paragraph 29.

30.     As PFP discovered the unauthorized reproduction and distribution of the Works within three years from the date of this filing, all claims of infringement are within the three-year statute of limitations period pursuant to 17 U.S.C. § 507(b).

**ANSWER:**     Grubhub notes that Plaintiff's allegations call for a legal conclusion and therefore do not require a response.  To the extent a response is required, Grubhub is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30.

31.     As a direct and proximate result of its wrongful conduct, Grubhub have realized and continues to realize profits and other benefits rightfully belonging to PFP for the Works. Accordingly, PFP is entitled to and seek an award of actual damages and profits pursuant to 17 U.S.C. § 504(b).

**ANSWER:**     Grubhub notes that Plaintiff's allegations call for a legal conclusion and therefore do not require a response.  To the extent a response is required, Grubhub denies the allegations in paragraph 31.

32.     In the alternative, because the Works were registered with the Copyright Office prior to the infringing uses by Grubhub, PFP is entitled to and seeks distinct statutory damages for Grubhub's infringements of the Works, including attorneys' fees and costs, pursuant to 17 U.S.C. §§ 504(c)(1) and 505.

**ANSWER:**     Grubhub notes that Plaintiff's allegations call for a legal conclusion and therefore do not require a response.  To the extent a response is required, Grubhub denies the allegations in paragraph 32.

33.     Despite notice to Grubhub that its reproduction and distribution of the Works was unauthorized, Grubhub continue to violate copyrights by continuing to display or store the Works through its servers and websites.

**ANSWER:**     Grubhub notes that Plaintiff's allegations call for a legal conclusion and therefore do not require a response.  To the extent a response is required, Grubhub denies the allegations in paragraph 33.

34.     As Grubhub's continuing infringements are with notice of their infringing activity, the infringements are performed with either reckless disregard for PFP's rights, willful blindness to its infringements of PFP's rights, or actual knowledge that its actions were and are infringing. The infringements are willful, and PFP is therefore entitled to the recovery of enhanced statutory damages pursuant to 17 U.S.C. 504(c)(2) where applicable.

**ANSWER:**     Grubhub notes that Plaintiff's allegations call for a legal conclusion and therefore do not require a response.  To the extent a response is required, Grubhub denies the allegations in paragraph 34.

35.     PFP is also entitled to and seek recovery of its costs of litigation and attorneys' fees pursuant to 17 U.S.C. § 505.

**ANSWER:**     Grubhub notes that Plaintiff's allegations call for a legal conclusion and therefore do not require a response.  To the extent a response is required, Grubhub denies the allegations in paragraph 35.

### COUNT II
### [ALLEGED] SECONDARY COPYRIGHT INFRINGEMENT
17 U.S.C. §§ 501 *et seq.*

36.     PFP re-alleges and incorporates by reference paragraphs 1 through 35 above.

**ANSWER:**     Grubhub incorporates by reference its responses to paragraphs 1–35 of this Answer as if fully set forth herein.

16

37. By displaying the Works on Grubhub's websites without authorization, Grubhub's non-party restaurant and retailer users ("Users") directly infringed on PFP's exclusive rights granted in 17 U.S.C. § 106, specifically the exclusive rights to: (1) reproduce the copyrighted works in copies; (2) distribute copies of the copyrighted works to the public by sale or other transfer of ownership, or by rental, lease, or lending; and (3) display the copyrighted work publicly.

**ANSWER:** Grubhub notes that Plaintiff's allegations call for a legal conclusion and therefore do not require a response. To the extent a response is required, Grubhub denies the allegations in paragraph 37.

38. As PFP discovered the unauthorized reproduction and distribution of the Works within three years from the date of this filing, all claims of infringement are within the three-year statute of limitations period pursuant to 17 U.S.C. § 507(b).

**ANSWER:** Grubhub notes that Plaintiff's allegations call for a legal conclusion and therefore do not require a response. To the extent a response is required, Grubhub denies the allegations in paragraph 38.

39. As a direct and proximate result of their wrongful conduct, Grubhub's Users have realized and continue to realize profits and other benefits rightfully belonging to PFP for the Works. Accordingly, PFP is entitled to and seeks an award of actual damages and profits pursuant to 17 U.S.C. § 504(b).

**ANSWER:** Grubhub notes that Plaintiff's allegations call for a legal conclusion and therefore do not require a response. To the extent a response is required, Grubhub denies the allegations in paragraph 39.

40. In the alternative, because the Works were registered with the Copyright Office prior to the infringing uses by Grubhub, PFP is entitled to and seeks distinct statutory damages for

17

Grubhub's infringements of the Works, including attorneys' fees and costs, pursuant to 17 U.S.C. §§ 504(c)(1) and 505.

**ANSWER:** Grubhub notes that Plaintiff's allegations call for a legal conclusion and therefore do not require a response. To the extent a response is required, Grubhub denies the allegations in paragraph 40.

41. Grubhub had knowledge of Grubhub's Users' direct infringements, and induced, caused, and materially contributed to that infringing conduct, and so is a contributory infringer to all claims of direct infringement related to Grubhub's Users.

**ANSWER:** Grubhub notes that Plaintiff's allegations call for a legal conclusion and therefore do not require a response. To the extent a response is required, Grubhub denies the allegations in paragraph 41.

42. Alternatively, as Grubhub had the legal right and the ability to stop their Users' infringements and gained a direct financial benefit from the infringements of the Works, Grubhub are vicariously liable for those infringements.

**ANSWER:** Grubhub notes that Plaintiff's allegations call for a legal conclusion and therefore do not require a response. To the extent a response is required, Grubhub denies the allegations in paragraph 42.

43. As a result of Grubhub's vicarious liability or contributory infringement as alleged above, Grubhub obtained direct and indirect profits they would otherwise not have realized but for their Users' infringement of the Works.

**ANSWER:** Grubhub notes that Plaintiff's allegations call for a legal conclusion and therefore do not require a response. To the extent a response is required, Grubhub denies the allegations in paragraph 43.

## RESPONSE TO PRAYER FOR RELIEF

Grubhub denies that Plaintiff is entitled to any relief from Grubhub and denies all allegations contained in paragraph 1–9 of Plaintiff's Prayer for Relief. Grubhub respectfully requests that the Court deny Plaintiff's Prayer for Relief.

## GRUBHUB'S AFFIRMATIVE DEFENSES

In addition to answering the Complaint, Grubhub asserts the following affirmative defenses. Grubhub reserves the right to amend this Answer to add additional affirmative defenses as further information is obtained.

### First Affirmative Defense: No Infringement

1.     Grubhub does not infringe and has not infringed any of Plaintiff's proper, valid copyrights under any theory, whether directly, indirectly, willfully, or vicariously.

### Second Affirmative Defense: No Copyrightability

2.     Plaintiff's asserted copyrighted works are not sufficiently original or creative to constitute a valid, enforceable copyrightable work.

### Third Affirmative Defense: Failure to State a Claim for Relief

3.     Plaintiff's claims are barred, in whole or in part, due to Plaintiff's failure to state a claim upon which relief may be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### Fourth Affirmative Defense: Statute of Limitations

4.     The purported infringements alleged by Plaintiff are barred by the statutes of limitations set forth in Section 507 of the Copyright Act, 17 U.S.C. § 507.

### Fifth Affirmative Defense: Misuse of Copyright

5.     Plaintiff's claims are barred by the doctrine of misuse of copyright.

19

### Sixth Affirmative Defense: Fair Use

6.     Plaintiff's claims are barred by the doctrine of fair use.

### Seventh Affirmative Defense: Laches

7.     Plaintiff's claims are barred by the doctrine of laches.

### Eighth Affirmative Defense: Merger Doctrine

8.     Plaintiff's claims are barred by the merger doctrine.

### Ninth Affirmative Defense: Scenes à Faire Doctrine

9.     Plaintiff's claims are barred by the scenes à faire doctrine.

### Tenth Affirmative Defense: De Minimis Doctrine

10.     Plaintiff's claims are barred by the *de minimis* doctrine.

### Eleventh Affirmative Defense: Invalid or Unenforceable Copyright Registrations

11.     Plaintiff's claims are barred from this Court because the asserted copyright registrations, to the extent they can be identified by Plaintiff's allegations, are invalid for failure to comply with the requirements of 17 U.S.C. § 411 and/or because they purport to cover material that is not copyrightable.

### Twelfth Affirmative Defense: Unregistered Copyrights

12.     Plaintiff has no right to assert infringement of any unregistered copyrights.

### Thirteenth Affirmative Defense: Implied License

13.     Plaintiff's claims are barred by the doctrine of implied license.

### Fourteenth Affirmative Defense: Equitable Defenses

14.     Plaintiff's claims are barred by virtue of the doctrines of estoppel, double recovery, satisfaction, waiver, acquiescence, and/or additional equitable doctrines.

**Fifteenth Affirmative Defense: No Injunctive Relief**

15.     Plaintiff's is not entitled to injunctive relief because any injury to Plaintiff is neither immediate nor irreparable, and Plaintiff has adequate remedies at law.  Plaintiff's business model is based on repetitive licensing of its alleged copyrighted works and thus it cannot prove irreparable harm.

**Sixteenth Affirmative Defense: No Willful Conduct**

16.     Should Grubhub be found to have infringed any valid copyrighted work owned by Plaintiff, such conduct was not willful, including was not willful under 17 U.S.C. § 504(c)(2).

**Seventeenth Affirmative Defense: Unconstitutionally Excessive Damages**

17.     Plaintiff's claims are barred because the statutory damages sought are unconstitutionally excessive and disproportionate to any actual damages that may have been sustained in violation of the Due Process Clause.

**Eighteenth Affirmative Defense: No Damages**

18.     Because Grubhub has made no sales of the asserted copyrighted works and has received no revenue therefrom, Plaintiff has not sustained any injury or damage by reason of any act by Grubhub alleged in the Complaint.

**Nineteenth Affirmative Defense: No Statutory Damages**

19.     Plaintiff cannot recover statutory damages for copyright infringement alongside actual damages and profits under 17 U.S.C. § 504(c)(1).

**Twentieth Affirmative Defense: No Attorneys' Fees**

20.     Plaintiff cannot recover attorneys' fees on its copyright claims from Grubhub under 17 U.S.C. § 505.

**<u>Twenty-First Affirmative Defense: DMCA Safe Harbors</u>**

21.     Plaintiff's claims are limited and/or barred by the safe harbor provisions of the Digital Millennium Copyright Act.


**<u>JURY DEMAND</u>**

Grubhub hereby demands trial by jury on all issues.

Dated: November 28, 2022               Respectfully submitted,

**FISH & RICHARDSON P.C.**

By: *_/s/ Neil J. McNabnay_*
    Neil J. McNabnay
    Texas Bar No. 24002583
    mcnabnay@fr.com
    Aaron P. Pirouznia
    Texas Bar No. 24098958
    pirouznia@fr.com
    1717 Main Street, Suite 5000
    Dallas, TX 75201
    (214) 747-5070

    Robert D. Leighton
    GOLDBERG KOHN LTD.
    Suite 3300
    55 East Monroe
    Chicago, IL 60603
    (312) 863-7194

**COUNSEL FOR DEFENDANTS
GRUBHUB HOLDINGS INC. AND
GRUBHUB INC.**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing

document has been served on November 28, 2022, to all counsel of record who are deemed to have

consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Neil J. McNabnay*
Neil J. McNabnay
